IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIRGINIA MERTZIG,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT E. BOOTH, JR.,** *et al.* | : | **NO.  11-1462** |

### MEMORANDUM OPINION

**Savage, J.**                                                                              **April 25, 2012**

      The threshold issue in this medical malpractice case is whether Rule 1042.3 of the Pennsylvania Rules of Civil Procedure permits a plaintiff invoking *res ipsa loquitur* to rely upon expert testimony after having certified that such testimony was unnecessary.  In other words, is a plaintiff who seeks to use expert testimony to invoke the *res ipsa loquitur* doctrine in a professional malpractice action excused from the certificate of merit requirement imposed by Rule 1042.3(a)(1)?

      We hold that the plaintiffs, Virginia and Robert Mertzig, are bound by their certification that expert testimony is not necessary to prosecute their action and they may not present expert testimony on questions of standard of care and causation.[1]  Because the Mertzigs cannot support an inference of negligence in this medically complex case without expert testimony,[2] we shall grant the defendants' motions for summary judgment.

---

[1] Even if we allowed the Mertzigs' expert testimony, it does not meet the *res ipsa loquitur* requirements.

[2] The Mertzigs concede that expert testimony is essential to proceed under *res ipsa loquitur*.

**Background**

On May 29, 2007, Virginia Mertzig underwent knee replacement surgery performed by Dr. Robert Booth, at Pennsylvania Hospital. Following her surgery, she experienced persistent pain and stiffness in her knee. She was ultimately diagnosed with a loosening of the prosthetic components, requiring a total left knee revision, which took place on May 5, 2009. During this procedure, the prosthetic device was removed, cultured, and replaced with a new device. The culture tested positive for the bacterium *Staphylococcus capitis* ("staph"). Virginia Mertzig claims that she was told by an infectious disease specialist on March 11, 2009 that the prosthetic knee was infected when it was placed in her body during the May 29, 2007 surgery.

The Mertzigs brought this action against Dr. Booth, 3B Orthopaedics, and Pennsylvania Hospital, claiming negligence, vicarious liability and loss of consortium resulting from the staph infection. On July 21, 2011, the Mertzigs filed certificates of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a)(3), certifying as to each defendant that "expert testimony of an appropriate licensed professional regarding deviation from acceptable professional standards of care is unnecessary for prosecution of the claim against this defendant." Despite these certifications, five months later, they produced four expert reports to the defendants. They now rely upon these experts' opinions to support their *res ipsa loquitur* theory.

All defendants have filed motions for summary judgment. Pennsylvania Hospital argues that because Rule 1042.3(a)(3) bars the Mertzigs from introducing expert testimony on the standard of care and causation after they certified that such testimony was unnecessary, they cannot prove a breach of the duty of care. Acknowledging that they

must offer expert testimony to pursue their claims, the Mertzigs argue that they may do so because Rule 1042.3(a)(3)'s prohibition on expert testimony does not apply when the plaintiff invokes *res ipsa loquitur*. The defendants contend that even if the Mertzigs' expert reports were admissible, they still could not establish the elements of *res ipsa loquitur*.

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

The initial burden of demonstrating there are no genuine issues of material fact falls on the moving party. Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for

trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

The issue raised in this case is appropriate for summary judgment.  Whether an inference of negligence may be drawn from the circumstances surrounding an injury is a matter for the court's determination.  Restatement (Second) of Torts § 328D(2) (1965).

**Discussion**

*Res ipsa loquitur* is a rule of evidence permitting an inference of negligence from the circumstances surrounding the injury.  *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1071 (Pa. 2006).  The Pennsylvania Supreme Court has adopted *res ipsa loquitur* as articulated in the Restatement (Second) of Torts § 328D.  *Id.* (citation omitted).  Under § 328D, it may be inferred that the harm suffered was caused by the negligence of the defendant when: (a) the event is the kind which does not ordinarily occur in the absence of negligence; (b) the evidence sufficiently eliminates other possible causes, including the conduct of the plaintiff and third parties; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.  If the court determines that these prerequisites are met, it is for the jury to determine whether an inference of negligence should be drawn.  *See Toogood v. Rogal*, 824 A.2d 1140, 1149-50 (Pa. 2003) (plurality) (holding that before *res ipsa loquitur* may be invoked, plaintiffs must meet the three § 328D conditions).

*The Mertzigs Are Bound By Their Certification That Expert Testimony Is Unnecessary*

Under Pennsylvania law, a plaintiff bringing a professional malpractice action must,

at the outset of the action, certify either that an expert has stated that there was malpractice or that an expert is not necessary to prosecute the action. Pa. R. Civ. P. 1042.3(a). The certification must be filed with the complaint or within sixty days of filing the complaint. *Id*.

Although it is a procedural rule, Pennsylvania's certificate of merit requirement has the effect of state substantive law. *Liggon-Redding v. Sugarman*, 659 F.3d 258, 264 (3d Cir. 2011). Thus, sitting in diversity, we shall apply Rule 1042.3. *See Spence v. ESAB Group, Inc.*, 623 F.3d 212, 216 (3d Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Under Rule 1042.3(a), plaintiffs must certify with respect to each defendant that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a)(1-3).

The Note to 1042.3(a) clearly provides that certifying that expert testimony is not required is almost always an irrevocable decision. It reads unambiguously:

> In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently,

> the trial court shall preclude the plaintiff from presenting testimony by an
> expert on the questions of standard of care and causation.

Pa. R. Civ. P. 1042.3(a)(3), Note.

The Mertzigs filed Rule 1042.3(a)(3) certificates of merit. As to each defendant, their attorney certified that expert testimony of an appropriate licensed professional regarding deviation from acceptable professional standards of care is unnecessary for prosecution of the claim against the defendants. Despite these certifications, the Mertzigs now seek to rely on expert testimony to support their invocation of the *res ipsa loquitur* doctrine.

Opposing plaintiffs' proffer of expert reports, Pennsylvania Hospital argues that Rule 1042.3(a)(3) precludes the Mertzigs from now using expert testimony on standard of care and causation to invoke *res ipsa loquitur*. The Mertzigs contend that the rule does not apply to the use of expert testimony under *res ipsa loquitur*.

The Pennsylvania Supreme Court has not determined whether a plaintiff may rely on expert witness testimony to meet the *res ipsa loquitur* requirements after certifying under Rule 1042.3(a)(3) that expert witnesses are unnecessary. The Pennsylvania Superior Court recently observed in *dicta* that it is "unaware of any case law interpreting [1042.3(a)(3)] as precluding expert testimony to establish that *res ipsa loquitur* may properly be invoked." *Vazquez v. CHS Prof'l Practice, P.C.*, 39 A.3d 395, 399 n.3 (Pa. Super. Ct. 2012). However, the Mertzigs have not cited, nor are we aware of, any case law interpreting 1042.3(a)(3) as permitting expert testimony to establish that *res ipsa loquitur* may be invoked after the plaintiff had certified that expert testimony was unnecessary.

Absent guidance from the Pennsylvania Supreme Court, we must predict how it

would rule if faced with the issue.  *Spence*, 623 F.3d at 216 (citing *Erie*, 304 U.S. at 73). To inform our prediction, we examine relevant decisions of state intermediate appellate courts, federal courts interpreting the state law, other state supreme courts that have addressed the issue, and other sources such as "considered dicta."  *Id.*

In construing the Pennsylvania Rules of Civil Procedure, we ascertain the intent of the Supreme Court.  *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1280 (Pa. 2006) (citing Pa. R. Civ. P. 127(a)).  When the rule is unambiguous, we apply the rule as written and do not disregard certain language "under the pretext of pursuing [the rule's] spirit."  Pa. R. Civ. P. 127(b).  Although they are not part of the rules, we may also look to accompanying Notes to construe the rule.  Pa. R. Civ. P. 129(e).  We also presume that in promulgating the rule, the Pennsylvania Supreme Court did not intend a result that is "absurd, impossible of execution, or unreasonable."  *Zappala*, 909 A.2d at 1280 (quoting Pa. R. Civ. P. 128(a)).

Rule 1042.3(a)(3) and its accompanying Note are clear and unambiguous.  Absent exceptional circumstances, a party is bound by its certification and may not introduce expert testimony on the standard of care and causation.  Pa. R. Civ. P. 1042.3(a)(3), Note; *see also Liggon-Redding*, 659 F.3d at 265 (observing that the consequence of making an (a)(3) certification "is a prohibition against offering expert testimony later in the litigation, absent 'exceptional circumstances'"); *Robles v. Casey*, No. 10-2663, 2012 WL 382986, at *3 n.1 (M.D. Pa. Feb. 6, 2012) (citing *McCool v. Dep't of Corr. of Pa.*, 984 A.2d 565, 571 n.9 (Pa. Commw. Ct. 2009) ("The Court notes that Plaintiff's certificate of merit, which states that a medical professional is unnecessary to prosecute his claim, precludes Plaintiff from introducing such evidence at trial.").  The Mertzigs offer no exceptional circumstances,

nor are we aware of any. Filing an (a)(3) certificate of merit only to discover that expert testimony is required is not an exceptional circumstance. *See McCool*, 984 A.2d at 571-72 (binding *pro se* prisoner to Rule 1042.3(a)(3) certification despite the fact that his medical malpractice claims required expert testimony). Therefore, the Mertzigs are bound by their certification and may not rely on expert testimony on standard of care and causation.

The Mertzigs' invocation of the *res ipsa loquitur* doctrine does not provide a means to avoid the effect of their certification under Rule 1042.3(a)(3). The Note expressly precludes plaintiffs, absent exceptional circumstances, from presenting standard of care and causation expert testimony after making a certification under subsection (a)(3). However, to invoke *res ipsa loquitur* when there is no fund of common knowledge to infer negligence, experts must testify on issues of causation and standard of care. *See Quinby*, 907 A.2d at 1072-73 (incorporating Restatement (Second) of Torts § 328D(1)(b)'s *res ipsa loquitur* requirement that other reasonable causes are sufficiently eliminated); *Toogood*, 824 A.2d at 1150 (holding that standard of care and breach "are essential elements for a medical malpractice action that do not evaporate when the doctrine of *res ipsa loquitur* is applied"). Stated another way, plaintiffs seeking to invoke *res ipsa loquitur* in medically complex cases must present expert testimony on causation because one of the three prerequisites of *res ipsa loquitur* is that causes other than the defendant's negligence have been sufficiently eliminated. Thus, the Note to Rule 1042.3(a)(3) unequivocally provides that the rule applies to *res ipsa loquitur* expert testimony.

The expert reports upon which the Mertzigs rely demonstrates that the issues of standard of care and causation are complex and not within the comprehension of laypersons. The Mertzigs point to the report of Dr. Scotti, who states that "[j]oints rarely

become infected when appropriate sterile procedures and OR protocols are adhered to."[3] They also rely on Dr. Shane, who opines that Mrs. Mertzig's staph infection began during or shortly after her hospitalization, to argue they have sufficiently eliminated other causes of her staph infection.[4] Dr. Scotti's standard of care and Dr. Shane's causation statements are precisely the kinds of expert testimony that Rule 1042.3(a)(3) prohibits. Therefore, we conclude that because they certified that expert testimony was unnecessary, Rule 1042.3(a)(3) precludes the Mertzigs from relying on such testimony to invoke *res ipsa loquitur*.

*The Mertzigs' Expert Testimony Does Not Meet The* Res Ipsa Loquitur *Prerequisites*

Expert testimony is not always necessary to prove negligence in a medical malpractice case. Where a layperson, relying on common knowledge, could draw the inference or conclusion of negligence, it is not necessary. *Quinby*, 907 A.2d at 1072. Where the requisite knowledge is beyond that of a layperson, expert testimony is needed to establish that the event would not have ordinarily occurred without negligence. *Toogood*, 824 A.2d at 1148 (quoting *Jones v. Harrisburg Polyclinic Hosp.*, 437 A.2d 1134, 1138 (Pa. 1981)).

The comment to Restatement § 328D addresses the need for expert testimony in certain *res ipsa loquitur* cases. It states: "[E]xpert testimony that such an event usually does not occur without negligence . . . may be essential to the plaintiff's case where, as for

---

[3] Pl.'s Opp. to Def.'s Mot. Summ. J. 8.

[4] *Id*.

example in some actions of medical malpractice, there is no fund of common knowledge which may permit laymen reasonably to draw the conclusion." Restatement (Second) of Torts §328D cmt. d.  Again, we note that the Mertzigs concede that expert testimony is required in this medically complex case.

Consequently, to invoke *res ipsa loquitur* under Pennsylvania law, the Mertzigs must present expert testimony demonstrating that the event is the kind which does not occur in the absence of negligence, the evidence sufficiently eliminates other possible causes, and the indicated negligence is within the scope of the defendant's duty to the plaintiff.  *See Quinby*, 907 A.2d at 1071 (citing Restatement (Second) of Torts § 328D).  Assuming that the Mertzigs can demonstrate that a staph infection does not ordinarily occur in the absence of negligence, they must still sufficiently eliminate other causes, including the conduct of third persons, to invoke *res ipsa loquitur*. *Quinby*, 907 A.2d at 1072 (quoting Restatement (Second) Torts § 328D(1)(b)).  The critical inquiry is whether a particular defendant caused the injury.  *Id.* at 1072-73 (citations omitted).  If the injury is fairly attributable to an alternate cause, the plaintiff may not proceed under *res ipsa loquitur*. *MacNutt v. Temple Univ. Hosp., Inc.*, 932 A.2d 980, 987 (Pa. Super. Ct. 2007) (*en banc*) (quotations omitted).

Contrary to the Mertzigs' argument, the proffered testimony of their experts does not eliminate alternate causes of the staph infection.  Their experts disagree as to how the bacterium entered Mrs. Mertzig's body.  Dr. Scotti opines that "[staph] infection of the prosthesis occurs by direct contamination during surgery, through invasive procedures

such as aspiration or, less commonly, by hematogenous spread."[5] Dr. Scotti offers three alternate causes of the infection. Although he says the third is not as common as the other possible causes, he does not opine that the cause in this case occurred during the surgery or through an invasive procedure.

Dr. Shane eliminates direct contamination because he has never seen a local infection caused by introducing the bacterium to the wound site.[6] Yet, he offers a qualified opinion, stating it is "far more likely" that the bacterium "was introduced via a peripheral site (phlebotomy or intravenous device)" and spread to the prosthetic device through blood flow.[7] He concludes, "*If* this seeding of the bloodstream occurred in the operating room, it did not occur at the operative site, but was introduced at the intravenous site remote from the operative field."[8] Read in the light most favorable to the Mertzigs, his opinion does not eliminate potential causes.

Highlighting the contradictions in these reports, the defendants argue that the Mertzigs have not sufficiently eliminated other causes of Mrs. Mertzig's infection. The Mertzigs counter that insofar as the opinions of Drs. Scotti and Shane are contradictory, we may not resolve these inconsistencies on a motion for summary judgment.[9] Indeed, we do not make credibility determinations in resolving motions for summary judgment. Nevertheless, we examine the plaintiffs' expert reports to determine as a matter of law

---

[5] Mot. Summ. J. of Defs., Robert E. Booth, Jr. M.D. and 3B Orthopaedics, P.C., Ex. K, at 2.

[6] *Id.*, Ex. M, at 2.

[7] *Id.*, Ex. M, at 2.

[8] *Id.*, Ex. M, at 2 (emphasis added).

[9] Pl.'s Mem. of Law. in Supp. of Mot. Summ. J. 10.

whether the Mertzigs have met the Restatement (Second) of Torts § 328D(1) factors. *MacNutt*, 932 A.2d at 987. If these requirements are met, it is then for the jury to determine if an inference of negligence should be drawn. *Id.* (citations omitted).

In *MacNutt*, the plaintiff's expert opined that the plaintiff suffered a chemical burn when the defendants allowed surgical preparatory cleansing solution to pool under his body during surgery. *Id.* at 983. The defendants' expert testified that the plaintiff's injuries were not caused by a burn, but an outbreak of shingles or herpes zoster. *Id.* at 984. The trial court precluded the plaintiff from proceeding to trial under *res ipsa loquitur* and refused to give a *res ipsa loquitur* jury instruction. *Id.* at 983. The *en banc* Superior Court affirmed, holding that the plaintiff did not meet the three Restatement (Second) of Torts § 328D factors. *Id.* at 991. Applying the second factor, the Superior Court held that based on the contradictory expert testimony, the plaintiff had not sufficiently eliminated other causes of his injury. *Id.* In so holding, the court observed, "if there is *any other cause* to which with equal fairness the injury may be attributed (and a jury will not be permitted to guess which condition caused the injury), an inference of negligence will not be permitted to be drawn against the defendant." *Id.* at 987 (citations omitted); *see also Griffin v. Univ. of Pittsburgh Med. Ctr.–Braddock Hosp.*, 950 A.2d 996, 1005 (Pa. Super. Ct. 2008) (holding plaintiff did not sufficiently eliminate a non-negligent cause of her injury where her expert testified that there was only a fifty-one percent probability that her injury was caused by a negligent act).

Rather than eliminate other causes of infection, the experts offer alternate causes. The Mertzigs' own experts disagree on how and when the prosthetic knee was infected. The contradictory expert testimony makes it impossible to determine whether it was the conduct of any of the defendants or a third party that caused the infection. Because there

may have been other causes of Mrs. Mertzig's infection, we cannot permit a jury to simply guess how she got the infection, and where and when it started. *MacNutt*, 932 A.2d at 987 (citation omitted). Accordingly, the Mertzigs cannot invoke *res ipsa loquitur* because they have not sufficiently eliminated other causes of her staph infection.

## Conclusion

The Mertzigs had certified that expert testimony was unnecessary to litigate their claims. They cannot circumvent the mandate of Rule 1042.3 by invoking *res ipsa loquitur*. With or without expert testimony on standard of care and causation, they cannot prove their case. Therefore, we shall grant the defendants' motions for summary judgment.